United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41535
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SERGIO GARZA-GARZA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-480-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Sergio Garza-Garza (Garza) appeals his guilty plea
conviction and sentence for illegal reentry after a previous
deportation.  For the first time on appeal, Garza argues that the
district court erred under United States v. Booker, 543 U.S. 220
(2005), in sentencing him pursuant to a mandatory application of
the Sentencing Guidelines.

     Garza's argument that the district court's mandatory
application of the Guidelines is "structural" and "not

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

susceptible to harmless error analysis" has been rejected as inconsistent with this court's analysis in <u>United States v. Mares</u>, 402 F.3d 511 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). <u>See e.g.</u>, <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 464 (2005). In order to obtain relief, Garza must demonstrate plain error. <u>See Martinez-Lugo</u>, 411 F.3d at 600; <u>see also United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005).

The district court's mandatory application of the Guidelines constitutes error that is plain. <u>See Valenzuela-Quevedo</u>, 407 F.3d at 733; <u>Martinez-Lugo</u>, 411 F.3d at 600. However, Garza has failed to show that the error affected his substantial rights. Although the district court was sympathetic to Garza and sentenced him at the low end of the guidelines range, nothing in the record indicates that it would have sentenced Garza to a lesser sentence if it knew that the Guidelines were merely advisory. <u>See United States v. Creech</u>, 408 F.3d 264, 272 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 777 (2005); <u>United States v. Bringier</u>, 405 F.3d 310, 317 & n.14 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 264 (2005). "Neither is a sentencing judge's mere summary of sentencing law as it existed at the time sufficient, where, as here, the summary contains no indication that the district court wished to impose a different sentence." <u>See Creech</u>, 408 F.3d at 272. Accordingly, Garza has not satisfied the plain error test.

Also for the first time on appeal, Garza argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Garza's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Garza contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Garza properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Garza's conviction and sentence are AFFIRMED.